STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION AND THE
    ALEXANDER RAILROAD COMPANY ET AL. v. STATE OF NORTH
    CAROLINA; THE DEPARTMENT OF AGRICULTURE OF THE STATE
    OF NORTH CAROLINA; THE NORTH CAROLINA STATE GRANGE;
    THE FARMERS COOPERATIVE COUNCIL; THE FARMERS COOPER-
    ATIVE EXCHANGE, AND THE NORTH CAROLINA FARM BUREAU
    FEDERATION.

(Filed 21 March, 1956.)

**Utilities Commission § 3—**

> Decision affirming an order of the Superior Court reversing an order
> of the Utilities Commission allowing an increase in rates, on the ground
> that the Commission failed to follow the standards prescribed by G.S.
> 62-124, does not estop petitioner from filing another petition requesting
> that an order be entered affirming the increase *nunc pro tunc*, if petitioner
> is so advised, the question of whether the increase is reasonable or unrea-
> sonable being an open question for determination by the Commission upon
> evidence contemplated by the statute.

ON rehearing.

*W. T. Joyner, A. J. Dixon, and H. J. Karison for petitioners.*

BARNHILL, C. J.   The opinion on the original appeal herein was filed
2 November 1955, *Utilities Commission v. State, ante,* 12, to which
reference is had for a statement of the facts.   The petition to rehear
was allowed "for the sole purpose of making an additional statement
concerning the precise scope of the decision."   We still adhere to the
original decision.   The question there decided is not now before us for
review.

The Commission found and concluded that it was necessary for the
petitioners to raise their intrastate freight rates by nine per cent in order
to provide just and reasonable compensation for the service rendered
by them.   The Superior Court reversed.   We affirmed the judgment of
the Superior Court for the reason that the Commission, in making its
findings and conclusions of fact and entering its order allowing an
increase in the freight tariffs theretofore charged by the petitioners, did
not follow the standards provided by the pertinent law of this State.
Our decision rested exclusively on that conclusion.   We did not discuss
or decide whether the increase allowed was just or unjust, reasonable
or unreasonable.   That is still an open question as to the period the
Utilities Commission order was in effect.

The former opinion in this case constitutes no estoppel against the
petitioners which prevents them from filing a petition at this time
requesting that an order be entered affirming the increase *nunc pro tunc*.

However, should the petitioners elect to pursue the matter further, the Commission must determine what increase, if any, was necessary during the period its order was in force to afford the petitioners a fair return on their property used and useful in connection with their intrastate business under the standard prescribed by our statute, G.S. Ch. 62, art. 7, as construed by this Court. *Utilities Commission v. Telephone Co.*, 239 N.C. 333, 80 S.E. 2d 133. In determining the merits of a petition, due regard must be had in particular for the provisions of G.S. 62-124.

It was stated or "stipulated" by counsel for petitioners during the original hearings that the petitioners did not have available and could not offer evidence under the provisions of G.S. 62-124. We assume counsel meant such evidence was not then available to them. Be that as it may, they are now at liberty to attempt to meet the requirements of that statute if they so desire, unaffected by the original opinion, except as herein noted.

This Court fully realizes that the value of the properties owned by the several petitioners used and useful for their intrastate traffic cannot be determined with mathematical exactitude. But they can no doubt approximate the rateable proportion of their property devoted to intrastate traffic and offer evidence of other facts and circumstances in respect thereto sufficient in probative force to enable the Commission to make findings of fact under our statute, and issue such order as it determines the facts found may warrant. In any event, this Court knows of no statute or rule of law which denies the petitioners the right to attempt to do so if they are now so advised.

Subject to the explanatory comments herein made, the petition to rehear is denied.

Petition denied.